**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

CONSUELO CONDE,

        Appellant,

        v.

DEPARTMENT OF HOMELAND
  SECURITY,

        Agency.

DOCKET NUMBER
DC-0752-15-1059-I-1

DATE: November 10, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Alan L. Lescht</u>, Esquire, Washington, D.C., for the appellant.

<u>Edith Moore McGee</u>, Esquire, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which sustained her removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to clarify the legal standards applicable to the appellant's affirmative defense of equal employment opportunity (EEO) reprisal, we AFFIRM the initial decision.

¶2 The appellant held a GS-13 Electrical Engineer position. Initial Appeal File (IAF), Tab 32, Initial Decision (ID) at 2. In June 2015, the agency proposed her removal for (1) failure to follow instructions by sending emails; (2) failure to follow instructions regarding telephone calls to and from customers; (3) failure to follow instructions by making unprofessional comments; (4) failure to follow instructions by including her phone number in correspondence; and (5) failure to follow policy. ID at 2; IAF, Tab 5 at 59-64. In July 2015, the deciding official sustained each of the charges and the removal. ID at 2; IAF, Tab 5 at 24-32. The instant appeal followed. IAF, Tab 1.

¶3 Because the appellant waived her right to a hearing, the administrative judge issued a decision based on the written record. ID at 1; IAF, Tab 22 at 1. Relying largely on the appellant's admissions, he first found that the agency met its burden of proving at least some of the specifications underlying charges 1, 2, 4, and 5. ID at 2-14. Next, he denied each of the appellant's affirmative defenses, which included allegations of a due process violation, EEO reprisal, and discrimination on the bases of race, national origin, sex, and age. ID at 14-28.

Lastly, the administrative judge found that the agency established nexus and removal was an appropriate penalty for the sustained charges and specifications. ID at 28-31. The appellant has filed a petition for review, with arguments limited to the alleged due process violation and EEO reprisal. Petition for Review (PFR) File, Tab 5. The agency has filed a response. PFR File, Tab 7.

The administrative judge properly denied the appellant's due process claim.

¶4 Due process under the Constitution requires that a tenured Federal employee be provided "written notice of the charges against [her], an explanation of the employer's evidence, and an opportunity to present [her] side of the story." *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985). The Court has described "the root requirement" of the Due Process Clause as being "that an individual be given an opportunity for a hearing before [s]he is deprived of any significant property interest." *Id*. at 542. This requires a "meaningful opportunity to invoke the discretion of the decision maker" before the personnel action is effected. *Id*. at 543. "The opportunity to present reasons, either in person or in writing, why proposed action should not be taken is a fundamental due process requirement." *Id*. at 546. An employee cannot be said to have had a meaningful opportunity to present her side of the story and invoke the deciding official's discretion if the deciding official did not hear the employee's reply to the proposal notice before issuing his decision. *Id*. at 543.

¶5 The appellant's due process claim is based on argument and evidence that, on the day of the proposed removal, the deciding official spoke to a former coworker of the appellant's, indicating that the agency already had terminated the appellant. *E.g*., IAF, Tab 31 at 14-19, 44-47. According to the appellant, that conversation demonstrates that her subsequent response to the proposed removal was meaningless, rather than meaningful. *Id*. at 16. The agency presented argument and evidence disputing the nature of the aforementioned conversation and due process claim, generally. *E.g*., IAF, Tab 24 at 5-6, Tab 27 at 5-6. The administrative judge considered the conflicting statements about the matter,

including those from the deciding official and the third party coworker, but found the former more credible. ID at 20-21. Therefore, the administrative judge concluded that the appellant failed to prove the existence of a due process violation. On review, the appellant disputes the administrative judge's credibility findings. PFR File, Tab 5 at 7-13.

¶6    To resolve credibility issues, an administrative judge must identify the factual questions in dispute, summarize the evidence on each disputed question, state which version he believes, and explain in detail why he found the chosen version more credible, considering such factors as: (1) the witness's opportunity and capacity to observe the event or act in question; (2) the witness's character; (3) any prior inconsistent statement by the witness; (4) a witness's bias, or lack of bias; (5) the contradiction of the witness's version of events by other evidence or its consistency with other evidence; (6) the inherent improbability of the witness's version of events; and (7) the witness's demeanor. *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987). In a situation like this, where there has been no hearing and the administrative judge's findings are therefore not based on observing witnesses' demeanor, the Board is free to reweigh the evidence and substitute its own judgment on credibility issues. *Haebe v. Department of Justice*, 288 F.3d 1288, 1302 (Fed. Cir. 2002). Nevertheless, we find no basis to reach a conclusion different than the administrative judge's.

¶7    According to a sworn statement from the deciding official, he spoke with three individuals on June 10, 2015, the day he received the proposed removal. IAF, Tab 24 at 5-6. Those individuals included his Human Resources point of contact, the appellant's former Engineering Division Chief, and a former subordinate of the deciding official who was also a friend of the appellant's. *Id*. The deciding official indicated that his Human Resources point of contact explained the process to follow, as well as the deciding official's responsibilities, including those related to the appellant's due process rights. *Id*. at 5. A sworn

statement from that Human Resources official reflects similarly. IAF, Tab 25 at 6. The deciding official reported speaking to the other two individuals because he anticipated that the appellant would seek their counsel on the proposed removal due to the fact that she had done so during a recent suspension. IAF, Tab 24 at 5. The deciding official characterized both calls as merely informing them of the process that would follow, including his waiting for the appellant's response before issuing a decision on the matter. *Id.* The first individual submitted a sworn statement concerning his call with the deciding official, describing their conversation similarly, including the reason for the call. IAF, Tab 27 at 5-6. According to that former Engineering Division Chief, he specifically remembered asking if the appellant was fired, and the deciding official responding in the negative, instead indicating that the appellant was being given the opportunity to present her case. *Id.* Conversely, the other individual submitted a sworn statement concerning his call with the deciding official, describing a different conversation. IAF, Tab 31 at 45. According to that former subordinate of the deciding official and friend of the appellant, the deciding official called him, indicating that the appellant had been terminated earlier that day. *Id.*

¶8      The administrative judge recognized the conflict between the deciding official's statement and that of his former subordinate, but credited the former on the basis that it was consistent with the statements of the others who had similar conversations. ID at 20-21. The appellant argues that this credibility analysis was inadequate because it did not specifically discuss other factors such as the likely motivations of the relevant parties, or the improbability of the deciding official's explanation. PFR File, Tab 5 at 7-13. Although we have considered the appellant's arguments, we find no basis for reaching a different conclusion. While it is possible that the deciding official may have had a motive to be less than truthful because he is an interested party, as alleged, the motivations of the individual providing a different account could be similarly impugned because of

his friendship with the appellant and his prior conflicts with the deciding official. IAF, Tab 24 at 6-7. In addition, while the appellant asserts that the deciding official's explanation appears highly improbable, we find it more improbable that he would specifically discuss the fact that the proposed removal was pending and not yet decided with the Human Resources official and the former Engineering Division Chief, as evidenced by their sworn statements, but then characterize the appellant as already having been terminated during a conversation with the appellant's friend on the same day. Accordingly, we agree with the administrative judge's credibility findings and denial of the due process claim.

We modify the initial decision to incorporate the proper standard for assessing the appellant's EEO reprisal affirmative defense.

¶9 It appears that, in adjudicating the appellant's claim of EEO reprisal, the administrative judge applied something of a hybrid between the four "tests" set forth in *Warren v. Department of the Army*, 804 F.2d 654, 656 (Fed. Cir. 1986), and the standards of proof and evidentiary framework set forth in *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶¶ 38-51 (2015), *overruled in part by Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 23-25. ID at 21-25. He found that the record included sufficient evidence to establish that the appellant had participated in the EEO process and that the deciding official was aware of her complaint, but insufficient evidence that her EEO activity contributed to her removal. ID at 24-25. According to the administrative judge, the appellant failed to establish a "genuine nexus" between her protected EEO activity and her removal for misconduct, which he characterized as overt, intentional, and confrontational. *Id*. The appellant has reasserted this affirmative defense on review. PFR File, Tab 5 at 14-18.

¶10 We modify the initial decision to apply the correct standard and methods of proof for an affirmative defense of retaliation for Title VII EEO activity, as set forth in *Pridgen*, 2022 MSPB 31, ¶¶ 20-24, 29. Specifically, an appellant may prove such a defense by showing that her protected activity was a motivating

factor, i.e., played any part in the agency's action or decision. *Pridgen*, 2022 MSPB 31, ¶ 21. But for the appellant to obtain full status quo ante relief on her claim, including reinstatement, back pay, and damages, her protected activity must be a but-for cause of the action or decision. *Id.* The appellant may meet this burden by submitting any combination of direct or indirect evidence, including evidence of pretext, comparator evidence, and evidence of suspicious timing or other actions or statements that, taken alone or together, could raise an inference of retaliation. *Id.*, ¶ 22.

¶11    In this case, the appellant alleges that EEO reprisal is evidenced by her history of laudable performance and the suspicious timing between her EEO activity and several subsequent disciplinary measures, including her removal. *E.g.*, IAF, Tab 17 at 6-13; PFR File, Tab 5 at 14-18. We disagree. The record shows that the appellant initiated her EEO activities in July 2014. *E.g.*, IAF, Tab 17 at 6, 44-51. It also shows that the agency's series of disciplinary measures began even earlier, including counseling[2] and a 7-day suspension that predate the appellant's EEO activity. IAF, Tab 5 at 25-26, Tab 17 at 45, 54, 104. Accordingly, the timing does not appear as suspicious as alleged. Because the appellant failed to present evidence that would tend to raise an inference of retaliation or suggest that the removal action was pretextual, we find that she has failed to show that her EEO activity was a motivating factor in her removal.

¶12    Accordingly, we deny the appellant's petition for review.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain

---

[2] The appellant indicated that she was reprimanded, but the agency described the matter as counseling. IAF, Tab 17 at 45, 54.

[3] Since the issuance of the initial decision in this matter, the Board has updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular

relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of

competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                                /s/ for
                                            Jennifer Everling
                                            Acting Clerk of the Board

Washington, D.C.